UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MICHAEL J. WRIGHT,

      Petitioner,

v.                                             Case No. 6:10-cv-942-Orl-31GJK

ATTORNEY GENERAL, STATE
OF FLORIDA, et al.,

      Respondents.

_____

## ORDER

      Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 5).  Upon consideration of the amended petition, the Court ordered Respondents to show cause why the relief sought in the amended petition should not be granted.  Thereafter, Respondents filed a response to the amended petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 16).  Petitioner filed replies to the response (Doc. Nos. 18, 19, 22, & 23).

      Petitioner alleges six claims for relief in his habeas petition: (1) the arresting officer engaged in unlawful conduct in relation to his arrest, (2) the prosecutor engaged in misconduct by prosecuting Petitioner in light of the officer's unlawful conduct, (3) trial counsel rendered ineffective assistance by waiving Petitioner's right to speedy trial and by conspiring with the State to convict him, (4) appellate counsel rendered ineffective assistance by failing to submit the records from another person's criminal case, (5) the trial

judge was not impartial, and (6) his right to speedy trial was violated and the arresting officer did not have a search warrant resulting in an illegal search and seizure.  For the following reasons, the petition is denied.

## I.   *Procedural History*

Petitioner was charged by information with one count of possession of cocaine. Petitioner, proceeding *pro se*, filed a motion to dismiss based on the defense of entrapment, and the motion was heard the morning that the trial was scheduled to begin.  The state court denied the motion to dismiss, and Petitioner subsequently entered a plea of no contest but reserved the right to appeal the denial of the motion to dismiss.  The trial court sentenced Petitioner to 237 days, time served.  Petitioner, through counsel, appealed, and the Fifth District Court of Appeal of Florida affirmed *per curiam*.

Petitioner filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850.  The state court denied the motion.  Petitioner appealed, and the Fifth District Court of Appeal of Florida affirmed *per curiam*.

Petitioner filed a second amended Rule 3.850 motion for post-conviction relief.  The state trial court denied the motion as procedurally barred and without merit.  Petitioner appealed, and the Fifth District Court of Appeal of Florida affirmed *per curiam*.  Petitioner filed a Notice to Invoke Discretionary Jurisdiction with the Supreme Court of Florida, which dismissed the notice for lack of jurisdiction.

Petitioner filed a Petition for Belated Appeal of his conviction, alleging ineffective assistance of appellate counsel.  The Fifth District Court of Appeal of Florida summarily

denied the petition.  Petitioner filed a notice of appeal with the Supreme Court of Florida,

which dismissed the case based on lack of jurisdiction.

## II.    *Legal Standards*

### A.    *Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")*

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a

claim adjudicated on the merits in state court unless the adjudication of the claim:

(1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  The phrase "clearly established Federal law," encompasses only the

holdings of the United States Supreme Court "as of the time of the relevant state-court

decision."  *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions;

the 'contrary to' and 'unreasonable application' clauses articulate independent

considerations a federal court must consider."  *Maharaj v. Secretary for Dep't. of Corr.*, 432

F.3d 1292, 1308 (11th Cir. 2005).  The meaning of the clauses was discussed by the Eleventh

Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially

3

> indistinguishable facts.   Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable."  *Id.*

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

### B.   Standard for Ineffective Assistance of Counsel

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[1] *Id.* at 687-88.  The prejudice requirement of the *Strickland* inquiry is modified when the claim is a challenge to a guilty plea based on ineffective assistance.  *See Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985).  To satisfy

---

[1] In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

the prejudice requirement in such claims, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59.

A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir.1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

III.    *Analysis*

A.    *Claims One and Two*

In claim one, Petitioner asserts that the officer who arrested him engaged in unlawful conduct.  Specifically, Petitioner contends that the officer seized crack cocaine from Joseph Malo[2] ("Malo") and then immediately proceeded to give the cocaine to Petitioner.[3]  Petitioner maintains that this violated his right to due process and was entrapment because the officer could not use the cocaine in such a manner without a court order pursuant to Sections 893.12(4)[4] and 932.702,[5] Florida Statutes.  Similarly, in claim two,

---

[2]In an undercover sting operation, the officer purchased crack cocaine from Malo. During the transaction, Malo spoke to Petitioner who wanted to obtain cocaine from him. After Malo provided the cocaine to the officer and was arrested, the officer approached Petitioner, told him that Joe had sent him, at which time Petitioner made a statement indicating he was waiting on Joe and proceeded to take the cocaine from the officer.

[3]The Court assumes that claim one is the same claim Petitioner raised in his motion to dismiss and on direct appeal.  To the extent Petitioner has attempted to raise another claim of unlawful government conduct, the Court notes that such a claim would be procedurally barred from review by this Court as it was not raised in the state court and is not exhausted, and Petitioner has not show an exception to the procedural default bar. Finally, Petitioner's contention in claim one that the officer did not have a search warrant is raised in claim six of the amended petition.  As such, the Court will address this claim in conjunction with claim six.

[4]Section 893.12 provides in relevant part:

> (1)   All substances controlled by this chapter. . . , which substances. . . are handled, delivered, possessed, or distributed contrary to any provisions of this chapter, and all such controlled substances. . . the lawful possession of which is not established or the title to which cannot be ascertained, are declared to be contraband, are subject to seizure and confiscation by any person whose duty it is to enforce the provisions of the chapter, and shall be disposed of as follows:

6

Petitioner argues that the prosecutor engaged in misconduct by prosecuting him in light of the fact that an order was not entered in Malo's criminal case authorizing the officer to use the cocaine.[6]

The record reflects that Petitioner filed a motion to dismiss prior to trial raising the argument asserted in claim one. The trial court heard arguments on the motion. Petitioner argued that the charge against him should be dismissed based on the arresting officer's

---

(a)  Except as in this section otherwise provided, the court having jurisdiction shall order such controlled substances. . . forfeited and destroyed.  A record of the place where said controlled substances. . . were seized, of the kinds and quantities of controlled substances or listed chemicals destroyed, and of the time, place, and manner of destruction shall be kept, and a return under oath reporting said destruction shall be made to the court by the officer who destroys them.

§ 893.12(1)(a), Fla. Stat. (2005).

[5]Section 942.702(4) provides:

It is unlawful:

(4)  To conceal, or possess, or use any contraband article as an instrumentality in the commission of or in aiding or abetting in the commission of any felony or violation of the Florida Contraband Forfeiture Act.

§ 942.702(4), Fla. Stats. (2005).

[6]The Court notes that claim two was raised in Petitioner's second Rule 3.850 motion, which the state court determined was procedurally barred and otherwise without merit. As such, claim two appears to be procedurally barred from review by this Court. Nevertheless, Respondents failed to argue that the claim is procedurally barred, thereby waiving the default.  Thus, the Court will address the merits of claim two.

misconduct in failing to obtain an order from the court allowing him to use the seized cocaine in a sting operation. Petitioner maintained that the officer had violated the State's contraband statutes, and thereby committed an illegal act. Relying on state law, the state court denied Petitioner's motion, reasoning that the delivery of a controlled substance in a reverse sting operation is not a violation of state law. *See* App. C at 17-18 (relying on *State v. Bass*, 451 So. 2d 986 (Fla. 2d DCA 1984)).

Petitioner has failed to demonstrate that the state court's ruling is contrary to, or an unreasonable application of, federal law. Pursuant to Section 893.13(9)(h), Florida Statutes, the offense of possession of cocaine is "not applicable to the delivery to, or actual or constructive possession for . . . purpose only of controlled substances by, persons . . ., for use in the usual course of. . . their official duties. . ." such as "[l]aw enforcement officers for bona fide law enforcement purposes in the course of an active criminal investigation." § 893.13(9)(h), Fla. Stat. (2005). Thus, the possession and delivery of cocaine by an officer in the course of a criminal investigation is not prohibited by state law. Moreover, Florida courts have held that "the furnishing of a controlled substance by governmental agents in a 'reverse-sting' operation. . . [does] not. . . constitute entrapment as a matter of law." *Bass*, 451 So. 2d at 988 (quoting *State v. Brider*, 386 So. 2d 818 (Fla. 2d DCA 1980)). As such, the Court cannot conclude that the state court's denial of Petitioner's motion to dismiss was a violation of his right to due process or that the prosecutor engaged in misconduct by prosecuting Petitioner. Accordingly, claims one and two are denied.

### B.     Claims Three, Five, and Six

In claim three, Petitioner contends that trial counsel rendered ineffective assistance by waiving his right to speedy trial and by conspiring with the State to convict him.  In claim five, Petitioner argues that the trial judge was not impartial and denied him of his right to testify at the hearing on the motion to dismiss.  In claim six, Petitioner maintains that his right to speedy trial was violated and the arresting officer did not have a search warrant resulting in an illegal search and seizure.  Respondents assert that these claims are procedurally barred from review because Petitioner did not raise them in the state court.

One procedural requirement set forth in the AEDPA precludes federal courts, absent exceptional circumstances, from granting habeas relief unless the petitioner has exhausted all means of available relief under state law.  28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-43 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971).  Specifically, the AEDPA provides, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
> (A)     the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)     (i)     there is an absence of available State corrective process; or
>
> (ii)     circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

Thus, a federal court must dismiss those claims or portions of claims that have been denied on adequate and independent procedural grounds under state law. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). In addition, a federal habeas court is precluded from considering claims that are not exhausted but would clearly be barred if returned to state court. *Id*. at 735 n.1 (stating that if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, there is a procedural default for federal habeas purposes regardless of the decision of the last state court to which the petitioner actually presented his claims).

In order to satisfy the exhaustion requirement, a state petitioner must "fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citing *Picard*, 404 U.S. at 275-76) (internal quotation marks omitted). The United States Supreme Court has observed that "Congress surely meant that exhaustion be serious and meaningful." *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992). Furthermore, the Court explained:

> [c]omity concerns dictate that the requirement of exhaustion is not satisfied by the mere statement of a federal claim in state court. Just as the State must afford the petitioner a full and fair hearing on his federal claim, so must the petitioner afford the State a full and fair opportunity to address and resolve the claims on the merits.

*Id.; see also Henderson v. Campbell*, 353 F.3d 880, 898 n.25 (11th Cir. 2003) ("Both the legal theory and the facts on which the federal claim rests must be substantially the same for it

to be the substantial equivalent of the properly exhausted claim.").

Procedural default will be excused only in two narrow circumstances. First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both "cause" for the default and actual "prejudice" resulting from the default. "To establish 'cause' for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999). To establish "prejudice," a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. *Henderson*, 353 F.3d at 892 (citations omitted).

The second exception, known as the "fundamental miscarriage of justice," only occurs in an extraordinary case, in which a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). In addition, "'[t]o be credible,' a claim of actual innocence must be based on [new] reliable evidence not presented at trial." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup*, 513 U.S. at 324).

In the instant case, Petitioner did not raise claim three in the state court. Likewise, he did not raise claim five or six on direct appeal in the state court. Petitioner did raise claim six in his second Rule 3.850 motion. However, the state court determined that the

11

second Rule 3.850 motion was procedurally barred as the claims in the motion could have been raised on direct appeal or in Petitioner's first Rule 3.850 motion.  (App. U at 2.)  Thus, claims three, five, and six are procedurally barred from review by this Court as they either were not exhausted in the state court or were found to be procedurally barred by the state court.  Thus, absent an exception to the procedural default bar, these claims are barred from review by this Court.

Petitioner has failed to demonstrate either cause or prejudice to overcome the procedural default.  To the extent Petitioner contends that ineffective assistance of counsel serves as cause and prejudice to overcome the procedural default of these claims, he did not raise claims of ineffective assistance of counsel based on these issues in the state court.  The claim of ineffective assistance of counsel must have been "presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Murray v. Carrier*, 477 U.S. 478, 489 (1986).  A procedurally defaulted claim of ineffective assistance of counsel may not serve as cause to overcome the procedural bar of a separate claim, unless Petitioner can satisfy the cause and prejudice standard with respect to the ineffective assistance of counsel claim.  *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000).

Petitioner's claims of ineffective assistance of counsel were not presented to the state court, and Petitioner has not established cause or prejudice for his failure to do so.  Thus, Petitioner has not established cause to overcome the procedural default.  Furthermore, Petitioner has not demonstrated that he is actually innocent.  Accordingly, claims three, five, and six are procedurally barred from review by this Court.

### C.      Claim Four

Petitioner maintains that appellate counsel rendered ineffective assistance by failing to submit the records from Malo's criminal case to the state appellate court.  Petitioner appears to argue that appellate counsel should have submitted these records to support his claim on direct appeal that the trial court erred by denying his motion to dismiss the charge against him, as discussed in claims one and two *supra*.

Petitioner raised this claim in his state habeas petition.  The Fifth District Court of Appeal summarily denied relief.

Petitioner has not established that the state court's denial of this claim is either contrary to, or an unreasonable application of, clearly established federal law.  As discussed in relation to claims one and two, the trial court did not err by denying Petitioner's motion to dismiss the charge against him based on the officer's use of the seized cocaine.  Furthermore, appellate counsel raised the issue of the trial court's denial of Petitioner's motion to dismiss on appeal.  There is no indication that the appellate court's decision would have been altered had counsel filed the record from Malo's criminal case.  Thus, Petitioner has shown neither deficient performance or prejudice, and claim four is denied pursuant to Section 2254(d).

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

### V.      Certificate of Appealability

This Court should grant an application for certificate of appealability only if the

Petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).   To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Secretary Department of Corrections*, 568 F.3d 929, 934 (11th Cir. 2009).   When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id.*; *Lamarca*, 568 F.3d at 934.   However, a prisoner need not show that the appeal will succeed.  *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner has not demonstrated that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  Moreover, Petitioner cannot show that jurists of reason would find this Court's procedural rulings debatable.  Petitioner has failed to make a substantial showing of the denial of a constitutional right.   Thus, the Court will deny Petitioner a certificate of appealability.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1.    The Amended Petition for Writ of Habeas Corpus (Doc. No. 5) filed by Michael J. Wright is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2.    Petitioner is **DENIED** a Certificate of Appealability.

14

3.      Petitioner's Motion for Summary Judgment (Doc. No. 25) is **DENIED**.

4.      The Clerk of the Court is directed to enter judgment accordingly and close this case.

**DONE AND ORDERED** in Orlando, Florida, this 22nd day of August, 2011.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-1 8/22
Counsel of Record
Michael J. Wright